UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE DENNY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00607-TWP-MPB |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Tyrone Denny's ("Mr. Denny") Petition for a writ of habeas corpus challenging his conviction in prison disciplinary case CIC 18-12-0398. (Dkt. 1.) For the reasons explained in this Entry, Mr. Denny's petition must be **denied**.

**I. OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours' advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. THE DISCIPLINARY PROCEEDING

Disciplinary case CIC 18-12-0398 began with the following Report of Conduct, written December 28, 2018, by Investigator S. Jones:

> Between the dates of 9/19/2018 through 12/20/2018 offender Denny, Tyrone 160500 was involved in an investigation. During the course[ ]of the investigation through interviews, camera and phone call reviews[,] I am confident offender Denny violated Indiana Disciplinary Conduct Code A 100 Violation of Any Law: IC 35-48-4-2 Dealing in a Scheduled I, II, or III Controlled Substance. The details of this investigation can be found in CONFIDENTIAL case file 18-CIC-0074. The contents of this investigation should be kept confidential and reviewed on a need to know basis.

Dkt. 8-1 (emphasis in original).

The redacted investigation report includes transcriptions of telephone conversations between Mr. Denny and individuals outside the prison. The investigator preparing the report opined that these conversations were discussions of trafficking contraband outside the prison. For example:

> My training and experience suggests [sic] that Offender Denny is talking about trafficking contraband on the outside of the facility during this conversation. Denny is trying to get the caller to start selling contraband on the streets so Denny will have money when he is released from the Department of Corrections. [sic]

Dkt. 8-2 at 4.

> During this phone call offender Denny was talking to the caller about moving money on the outside. With my training and experience this phone call is talking about managing and moving money and contraband outside the facility.

*Id.*

> During this phone call, offender Denny is moving money outside the facility.

*Id.* at 5.

Mr. Denny was charged with and convicted of a disciplinary violation based on this Report of Conduct. However, the Indiana Department of Correction set the matter for rehearing. (*See*

Dkt. 2.) This habeas action concerns only whether Mr. Denny was afforded due process in the rehearing.

Mr. Denny received a Screening Report on September 5, 2019, notifying him that he was again charged with violating Code 100 by violating the law. (Dkt. 8-3.) The rehearing occurred on September 13, 2019. (Dkt. 8-6.)

Mr. Denny came to the rehearing with a written statement in his defense. (Dkt. 8-7.) Mr. Denny did not use his statement to dispute that he committed the conduct described in the conduct or investigation reports. Nor did he argue in his written statement that the telephone conversations documented in the investigation report were lawful. Instead, Mr. Denny asserted that the Report of Conduct was defective because it did not specify what Indiana law he was supposed to have violated and that he could not be convicted in the rehearing based on the outcome of the original proceeding. *Id.*

Mr. Denny attests in his Petition that the hearing officer did not allow him to present a defense. (Dkt. 1 at 4.) Mr. Denny developed this argument more thoroughly in his administrative appeal. (*See* Dkt. 8-8.) According to Mr. Denny, he submitted his written statement to the hearing officer, who did not look at it. *Id.* at 1. Mr. Denny saw a completed hearing report among the hearing officer's papers and asked how she could already have determined the outcome of the hearing. *Id.* The hearing officer sent Mr. Denny to the hall for a few minutes. *Id.* When he returned, the hearing officer stated that she found Mr. Denny guilty and asked him to sign the hearing report. *Id.* at 2. Mr. Denny later received a copy of the report through the prison mail. *Id.*

The Report of Disciplinary Hearing states that the hearing officer considered the Report of Conduct, investigative file, and Mr. Denny's written statement before finding him guilty. (Dkt. 8-6 at 1.) The hearing officer modified Mr. Denny's charge to "Attempted Trafficking" in violation

of Codes 111 and 113. *Id.* The hearing officer reasoned that the evidence "shows Ofd. Denney attempted to set-up several transactions for trafficking contraband. I believe this supports a 111/113 Attempted Trafficking." *Id.* Mr. Denny states that he did not receive notice that the hearing officer considered the modified charge of attempted trafficking until after he received her report in the mail. (Dkt. 8-8 at 2.)

The hearing officer assessed sanctions, including a loss of earned credit time and a credit class demotion. (Dkt. 8-6 at 1.) Mr. Denny's administrative appeals were unsuccessful. (Dkts. 8-8 at 1, 8-9.)

### III. ANALYSIS

Mr. Denny challenges his disciplinary conviction on two grounds. First, he argues that the hearing officer denied him adequate notice of the charge by modifying it during or after the rehearing. Second, he argues that he was denied his right to present evidence to an impartial decisionmaker because the hearing officer would not allow him to make an oral statement at the rehearing and completed the hearing report before the rehearing began. For the reasons discussed below, the Court must **deny** Mr. Denny's petition on both bases.

#### A.  Modification of Charge

Due process requires that an inmate be given advance "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). Due process permits the prison staff to later modify the inmate's charge—but only if the original notice included "all the information he needed to defend against the [amended] charge." *Id.* at 911. Indeed, the charge may be modified by an

administrative appeal officer well after the hearing is over. *Id.* at 910 ("[T]he Conduct Adjustment Board . . . found him guilty of a Code 100-A violation . . . . [T]he reviewing authority . . . modified the charge, . . . finding that Northern violated Code 111/113-A for attempted trafficking.").

Before the rehearing, Mr. Denny received a Report of Conduct accusing him of violating the law by dealing in a controlled substance, (Dkt. 8-1), and an investigation report documenting telephone calls characterized as efforts to traffic contraband, (Dkt. 8-2 at 4–5). Mr. Denny opted not to challenge the factual basis for those allegations in his written statement. However, he had all the information he needed to do so—whether the charge was violating any law or trafficking. This case is functionally identical to *Northern*. Mr. Denny may not obtain habeas relief based on his notice of the trafficking charge.

**B.     Right to Present Evidence to an Impartial Decisionmaker**

Due process afforded Mr. Denny a right "to present testimony and documentary evidence to an impartial decision-maker." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Mr. Denny challenges both components of this right. He alleges that the hearing officer denied his right to present testimony by accepting only his written statement and refusing any opportunity to present an oral statement. He further alleges that the hearing officer made up her mind before the rehearing began and therefore was not impartial. Mr. Denny has not met his burden for obtaining habeas relief on either basis.

A prisoner charged with a disciplinary violation "must be given an opportunity to present his statement of the facts," but due process does "not mandate that the statement be in either oral or written form." *Wheeler v. Sims*, 951 F.2d 796, 800 (7th Cir. 1992) (discussing *Hewitt v. Helms*, 459 U.S. 460, 476 (1983). "[T]he prerogative of determining whether the statement shall be received in oral or written form rests with prison authorities." *Id.* at 800. "Although a prisoner

before a disciplinary committee is entitled to present his version of events, a written statement is usually constitutionally adequate." *Henderson v. Ahitow*, 70 F.3d 1274, 1995 WL 709254, at *2 (7th Cir. Nov. 30, 1995) (unpublished). Thus, the hearing officer did not violate due process by disallowing Mr. Denny's request to make an oral statement in addition to his written statement.

Mr. Denny also asserts that the hearing officer did not read his written statement. (Dkt. 1 at 4.) However, Mr. Denny also states that the hearing officer sent him out of the room for several minutes after he presented his written statement, (Dkt. 8-8 at 1), and he asserts no knowledge of what occurred during his absence. Moreover, the hearing officer indicated in her report that she considered Mr. Denny's written statement. (Dkt. 8-6 at 1.) Due process entitled Mr. Denny to *present* a statement in his defense; this Court cannot objectively determine whether the hearing officer actually *read* that statement any more than it could determine whether she listened to an oral statement.

Finally, Mr. Denny argues that the hearing officer completed the hearing report and found him guilty before ever beginning the rehearing. A prisoner in a disciplinary action has the right to be heard by an impartial decision-maker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "[T]he constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Denny's unsupported allegations that the hearing officer decided his guilt before the rehearing and refused to consider his arguments are not clear evidence of any arbitrary action by the hearing officer.  Certainly, they do not overcome the presumption of honesty nor meet the high standard for proving impermissible bias.  Mr. Denny does not allege that the hearing officer was involved in the investigation that led to his disciplinary charge.  As a result, he has not provided sufficient reason to doubt the hearing officer's impartiality—much less grant habeas relief as a result.

## IV.  CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government."  *Wolff,* 418 U.S. at 558.  Mr. Denny's Petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks.  Accordingly, Mr. Denny's Petition for a writ of habeas corpus, (Dkt. [1]), must be **DENIED** and the action **dismissed with prejudice.**  Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date:  11/17/2020

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tyrone Denny, #160500
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL'S OFFICE
benjamin.jones@atg.in.gov